(No. 20588.—<span style="color:black">■</span>

ENGLAND POND DRAINAGE DISTRICT, Appellee, *vs.* ERASTUS HURST, Appellant.

*Opinion filed June 18, 1931.*

T. H. CUNNINGHAM, for appellant.

GEORGE W. MACKEY, for appellee.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

This is an appeal from an order and judgment of the county court of Lawrence county confirming the assessment roll of the commissioners of the appellee drainage district and awarding damages to appellant for land taken in the repair of levees of that district.

The errors argued by appellant are, that the petition for the repair of the levees did not contain sufficient allegations to support the verdict; that the plans and specifications submitted were not sufficient; that the commissioners failed to show that it was necessary to take land of appellant to complete the work, and that sufficient notice of the proceeding was not given.

Appellee drainage district was organized over thirty years ago under the Levee act and has since maintained a system of ditches and drains within its borders. During the year 1929 it constructed a levee along the eastern border of the district to protect the low lands therein from overflow waters of the Wabash and Embarrass rivers. During the high waters of the winter of 1929 and 1930 the levees were damaged at places, one of which was on the lands of appellant. On June 17, 1930, the commissioners filed a petition under section 37 of the Levee act for the repair of the levee and to build a sewer in one of the ditches in the district. They attached to their petition the plans and specifications of their engineer as to the work to be done and the financial statement of the district, as required by the statute, and prayed that an assessment be extended against the lands, railways and highways in the district for the repair of the levees and for the amount of money spent for the protection of the levees in the emergency arising out of the high waters of the winter preceding. It appears that notice was given and that a hearing was had on that petition. The court found that the benefits to accrue to the property within the district would amount to the sum of $6500 and directed the commissioners to make an assessment roll for that amount against the lands, railways and highways of the district. Thereafter the commissioners filed a roll of assessments, benefits and damages, and also filed a petition stating it was necessary to take certain property, including that of appellant, for the purpose of repair of this levee, for a right of way to build the proposed addition to the levee and to get dirt for its construction, and that they had endeavored to come to an agreement with appellant and one John Brevoort but could not, and prayed that a hearing may be had on their petition as provided by statute. Notice of a hearing on this petition and assessment roll was given setting forth that a jury would be impaneled by the court in accordance with section 6 of the Eminent Domain act for the

purpose of determining damages to property taken and not taken as well as the hearing on the assessment roll of benefits. Appellant and Brevoort appeared and filed objections. These objections were, in substance, that the digging of a borrow pit on the inside of the levee, as proposed in the plans of the commissioners, would result in undermining the levee, and that the work proposed was unnecessary. Appellant also objected that he had offered to furnish the necessary amount of dirt to repair the levee from his land outside the district and that such offer was refused. On the hearing the jury returned a verdict finding the value of appellant's land taken to be $55.20 and that he sustained no damage to lands not taken. Judgment was entered on the verdict for that amount and an order entered confirming the assessment roll. From such judgment and order appellant seeks review here.

Appellant contends, first, that the petition is not sufficient under the requirements of sub-section 7 of section 9 of the Levee act, and sets forth certain particulars in which he says the petition does not comply with that section. Section 9 has to do with the organization of the district and has no application here. This proceeding was for the purpose of repairing levees and receiving funds to replace those exhausted and was brought under section 37 of the act.

It is also argued that the plans and specifications do not show that it is necessary to take the land of appellant to complete the work. Plans as drawn by the civil engineer appear in the record and on examination disclose that they are sufficient to direct the necessary work of repair. The necessity for taking appellant's land was an issue tried by the jury. Witnesses were heard concerning the value of appellant's land taken and whether any damage resulted to any of his land not taken. The evidence was contradictory and the jury passed upon that question of fact, and we find no reason for refusing to sustain their decision in that matter.

It .is also argued that sufficient notice was not given. It is a sufficient answer to this argument to say that appellant appeared, filed objections and contested the right of the commissioners to make the proposed improvement, and thereby waived any question of jurisdiction of the court over him.

The record contains no error requiring reversal, and the order and judgment of the county court will be affirmed.

*Judgment affirmed.*