WOERNER *et al. v.* O'NEAL COMMISSION Co. *et al.*

(*Nashville,* December Term, 1935.)

Opinion filed January 11, 1936.

PEARSON & SPRAGINS, of Jackson, for appellants.

BOND & BOND and VICTOR WOERNER, all of Jackson, for appellees.

Mr. Chief Justice Green delivered the opinion of the Court.

This case is before us on motion to dismiss a petition for *certiorari,* filed in this court to review the judgment of the Court of Appeals, because said petition was not filed within forty-five days after the final decree in the Court of Appeals.

An application was made to a member of this court for an extension of time in which to file such petition for *certiorari* and this application was granted. The petition was filed within the extended time. But it is insisted that the justice granting this extension was without jurisdiction to do so because the petitioner gave no notice of the application to adverse parties.

The statutory provision as to the time for filing petitions for *certiorari* to the Court of Appeals is contained in section 10629 of the Code and is as follows:

"Petitions for *certiorari,* to require the removal of any case from the court of appeals to the supreme court for review, shall be filed in the supreme court within forty-five days after final decree in the court of appeals, including decree upon any application to that court for a rehearing or for different or additional findings; provided, the supreme court, or any of the judges thereof, upon application, may extend such time for filing petitions for *certiorari* for an additional period not to exceed ninety days after final decree, as above defined, in the court of appeals."

The statute obviously does not require any notice of an application for an extension of time. It is urged, however, that rule 11 of this court does require such notice. That rule is as follows:

"Petitions for *certiorari,* or *certiorari* and *supersedeas,* to remove cases from the Court of Appeals to this court for review of the judgments and decrees of that court, must be filed with the clerk of this court, for the proper division thereof, within forty-five days from the entry of the final judgment or decree of the Court of Appeals, unless the time is extended by order of the court or a judge thereof, as authorized by the statute; five days' notice of the filing of the petition being first given opposite counsel. The reply brief must be filed in fifteen days after the filing of the petition, provided an extension of time may be granted in proper cases, upon application to the court, or a judge thereof."

Plainly the five days' notice referred to in rule 11 is five days' notice of the filing of the petition for *certiorari,* not five days' notice of the application for extension of time.

It is again insisted that rule 26 of this court requires notice of an application for extension of time within which to file petition for *certiorari* to the Court of Appeals. Rule 26 is in these words:

"*Motions.*—All motions shall be first reduced to writing and filed. All motions and applications to the court for any purpose, including the filing of briefs, after the hearing, must be made in open court, or filed with the clerk to be presented in open court, of which reasonable notice shall be given to opposite counsel. No motion, brief, or petition will be considered not so presented.

"When the court is not in session in either Knoxville, Nashville, or Jackson, the application may be made to any judge of the court, in chambers, after notice to opposite counsel, if practicable."

Strictly followed, this rule perhaps would require notice of an application for such an extension of time. The rule, however, has not been so interpreted. It has been the invariable custom of this court and the members thereof to grant these extensions upon a reasonable showing made by the applicant to justify the delay. Ordinarily such applications are not opposed and notice to adverse counsel has not been exacted. By long practice, therefore, it has been settled that the application for an extension of time in which to file a petition for *certiorari* to review a judgment of the Court of Appeals is not an application within the purview of rule 26 of which notice must be given to adverse counsel.

In other words, rule 11, not rule 26, outlines practice relating to petitions for *certiorari* to the Court of Appeals and the former rule does not require notice of an application for an extension of time in which to file the petition.

The motion to dismiss the petition for *certiorari* is accordingly overruled.