[No. 31832.   Department One.   November 29, 1951.]

STATE EX REL. L. L. BUCHANAN & CO., INC., *Plaintiff and Respondent,* v. WASHINGTON PUBLIC SERVICE COM-MISSION *et al., Defendants and Relators.*[1]

[1]Reported in 237 P. (2d) 1024.

*The Attorney General* and *George R. LaBissoniere, Assistant,* for relator Washington Public Service Commission.

*Kellogg, Reaugh, Hart & Towne,* for relator Washington Bulk Petroleum Carriers Conference.

*Dodd & Russell,* for respondent.

MALLERY, J.—This matter comes here on a writ of certiorari. The relators contend that the trial court erred in denying their motion to dismiss the respondent's cause of action for want of prosecution under Rule of Practice 3, 34A Wn. (2d) 69, which reads as follows:

"Any civil action shall be dismissed, without prejudice, for want of prosecution whenever the plaintiff or crosscomplainant shall neglect to note the action for trial or hearing within one year after any issue of law or fact has been joined, unless the failure to bring the same on for trial or hearing was caused by the party who makes the motion to dismiss. Such motion to dismiss shall come on for hearing only after notice to the adverse party."

The action below was on a writ of review. The respondent, being aggrieved by an order of the Washington public service commission entitled "Order M. V. No. 52167, Hearing No. 2992," caused the entire record in that proceeding to be certified to the superior court of Thurston county for·review. This was done pursuant to Rem. Rev. Stat. (Sup.), § 10428 [P.P.C. § 428-23], the pertinent part of which reads as follows:

"Any complainant or any public service company affected by any findings or order of the department, and deeming such findings or order to be contrary to law, may, within thirty days after the service of the findings or order upon him or it, apply to the superior court of Thurston county for a writ of review, for the purpose of having the reasonableness and lawfulness of such ·findings or order inquired into and determined. Such writ shall be made returnable not later than thirty days from and after the date of the issuance

thereof, unless upon notice to all parties affected further time be allowed by the court, and shall direct the department to certify its record in the case to the court. Such cause shall be heard by the court without the intervention of a jury on the evidence and exhibits introduced before the department and certified to by it. . . ."

Three questions are here presented: (1) When was the action at issue so that the year began to run under Rule 3? (2) Does a motion to dismiss under Rule 3 lie after the cause is noted for setting for trial? (3) What is the time within which an application for a writ of certiorari must be filed after entry of the order?

■■ Upon the first question, the record shows that the return day, prescribed in the trial court's writ of review, was June 27, 1949. Such a writ issues as a matter of right. No responsive pleadings are provided for or required by the statute, as heretofore set out. The cause would, therefore, have been ready to set for hearing on and after the return day. Rule 3, however, was tolled by motions to quash, which were not disposed of until September 22, 1949. The year within which to note the proceeding for hearing thus began to run at that time and ended on September 22, 1950.

■ The respondent contends that the rule was tolled by a stipulation, which was filed on January 27, 1950, the pertinent part of which reads:

"(1) That no answer or other responsive pleading shall be demanded of or required by either of the defendants herein in respect of the 'complaint' filed by the relator herein;

"(2) That the allegations contained in said relator's 'complaint' shall be considered and treated as though they were contained in and formed a part of relator's 'Application for Writ of Review'; . . ."•

The stipulation did not purport to extend the time for setting the cause for hearing. Indeed, it did no more than agree to what Rem. Rev. Stat. (Sup.), § 10428, itself provided for, that is, that responsive pleadings are not necessary to bring the cause on for review by the superior court. Such a stipulation does not toll the rule.

■ Upon the second question, the record shows that on January 12, 1951, nearly four months after the year had run, respondent filed its note of issue of law and fact seeking to have the matter set for hearing on the trial docket in the Thurston county superior court. On January 22, 1951, the relators filed a motion to dismiss the proceeding for want of prosecution under Rule 3.

*In re Ellern,* 29 Wn. (2d) 527, 188 P. (2d) 146, is closely in point. There, a note of issue preceded the motion to dismiss, and a dismissal was affirmed. It is true the question is not discussed in the opinion, but since the rule is mandatory, and there is nothing in its terms which makes it inapplicable in such a case, we hold the motion to dismiss lies after a note of issue is filed. In the instant case, there is no question of *waiver* of the rule, such as might arise out of commencing a trial or permitting it to go to judgment.

Upon the third question, the record shows that the motion to dismiss came on for hearing on February 5, 1951. On February 15, 1951, the trial court entered a memorandum opinion indicating that it would deny the motion to dismiss. On March 20, 1951, the respondent served a copy of a proposed order denying the motion to dismiss. It was not presented for signature and filing, however, until June 15, 1951. No notice of entry of the order was ever served.

On July 9, 1951, the relators filed their application in this court for a writ of certiorari to review the lower court's order denying their motion to dismiss the cause.

■ There is no specific rule as to the time in which application for writs of certiorari must be filed. However, in *State ex rel. Von Herberg v. Superior Court,* 6 Wn. (2d) 615, 108 P. (2d) 826, we held that ". . . the proper rule is that it should be sought within the same period as that allowed for an appeal. . . ."

Time for taking appeals is prescribed in Rule 33, Rules on Appeal, 34A Wn. (2d) 33, and provides, so far as here pertinent, as follows:

"(1) In all civil actions and proceedings, an appeal from any final judgment must be taken by serving on opposing counsel and filing with the clerk written notice of appeal

within thirty days after the day of the entry of such final judgment; and an appeal from any order other than a final order, from which an appeal is allowed, within fifteen days after the entry of the order, if made at the time of the hearing, and in all other cases within fifteen days after the service of a copy of such order, with written notice of the entry thereof, upon the party appealing, or his attorney. . . ."

The order in question, not being a final order, allowed fifteen days for filing the application for the writ in this court *after* service of written notice of the entry thereof. The respondent did not start the running of the fifteen-day period by serving the required notice. The writ was timely sought.

The order is reversed, with directions to dismiss the cause without prejudice.

HILL, GRADY, DONWORTH, and WEAVER, JJ., concur.

[1]Reported in 237 P. (2d) 1026.