THE FAYETTE COUNTY AGRICULTURAL SOCIETY, APPELLANT, *v.* SCOTT ET AL., APPELLEES, ET AL.

(No. 269—Decided October 23, 1953.)

*Messrs. Brownfield, Ford & Douglas* and *Mr. C. William Malone,* for appellant.

*Mr. Carrington T. Marshall* and *Mr. Frederick L. Orum,* for appellees.

Wiseman, P. J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Fayette County, dismissing plaintiff's application to assess compensation in an appropriation proceeding wherein plaintiff, appellant herein, The Fayette County Agricultural Society, seeks to appropriate for agricultural fair purposes certain lands owned by the defendants.

Defendants filed a motion in the trial court to dismiss the application to assess compensation "for the reason that said application did not conform to the procedure as defined in the statutes of Ohio relating to appropriation of private property by municipal corporations, and particularly as defined in Sections 3679 to 3683, inclusive, of the General Code of Ohio, in that no notice was served five days in advance of this application as required * * *'' by the sections relating to appropriation proceedings by municipal corporations. The motion to dismiss was sustained.

Plaintiff states that the five errors assigned raise three propositions which are procedural in nature. First: Whether the notice of the "time and place" of an application to assess compensation as required by Section 3682, General Code, and referred to in Section 3683, General Code, must be served five days before the filing of the application with the clerk of courts, or five days before the preliminary hearing on the application.

Section 9885-1, General Code, provides:

"When it is necessary in the opinion of any county agricultural society to procure or enlarge any site for the purpose of holding an agricultural fair, and the agricultural society and the owner of the property needed for such purposes, are unable to agree upon the sale and purchase thereof, the agricultural society shall make an accurate plat and description of the parcel of land which it desires for such purposes, and file them with the probate judge, or with the Court of Common Pleas in the county in which the land sought to be taken is located. Thereupon the same proceedings of appropriations shall be had which are provided for the appropriation of private property by municipal corporations in Sections 3681 to 3697, both inclusive, of the General Code."

The pertinent sections controlling appropriation proceedings by municipal corporations, to which reference must be made, are Sections 3682 and 3683, General Code.

Section 3682, General Code, provides:

"Notice of the time and place of such applications shall be given in the ordinary manner of serving legal process, to all owners or agents of owners resident of the state, whose place of residence is known, and to all others by publishing the substance of the application, with a statement of the time and place at which it is to be made, once a week for three weeks next preceding

the time of the application in some newspaper of general circulation in the county."

Section 3683, General Code, provides:

"If it appears that such notice has been served five days before the time of application, or has been duly published, or that such notice has been waived, the court shall set a time for the assessment of compensation by a jury, but it may be made at a special term of court, and the jury shall be drawn and the trial proceed as in other civil actions."

Under Section 3682, General Code, "notice of the time and place of such application shall be given *in the ordinary manner of serving legal process.*" Under Section 3683, General Code, "If it appears that such notice has been served five days before *the time of application* * * * the court shall set a time for the assessment of compensation by a jury." Plaintiff contends that service of the notice five days before the preliminary hearing, which was done in this case, complied with the statutory requirements. Defendants contend that no provision is made for a preliminary hearing and that if any time should be given to the owner to protect his rights the notice should be given before the filing of the application. Section 3683, General Code, specifically provides for presenting the application to the court, which at that time must decide whether proper service has been made and whether all legal requirements have been satisfied and, if so, the court then must fix the time for the assessment of compensation by a jury. The assessment of compensation by a jury is the only matter left undecided. When the application is presented to the court it determines in a preliminary hearing whether all statutory requirements have been met in regard to service of notice to assess compensation. This is the only issue to be tried. 15 Ohio Jurisprudence, 998, Section 334. The statute gives ample notice to the landowner to make de-

fense on this issue. Appropriation proceedings are actions in rem. *In re Appropriation by Supt. of Public Works,* 152 Ohio St., 65, 87 N. E. (2d), 257; *Martin* v. *City of Columbus,* 101 Ohio St., 1, 127 N. E., 411; 1 Ohio Jurisprudence, 301, Section 12.

In 32 Ohio Jurisprudence, 370, Section 4, it is stated:

"Furthermore, as to proceedings strictly in rem, and seemingly as to proceedings quasi in rem, notice, where not otherwise provided by the Legislature, may be only that which the law infers an owner receives when his property is seized and proceeded against judicially."

In a proceeding to appropriate property by a municipal corporation, the state Legislature has seen fit to provide that the notice shall be served "in the ordinary manner of serving legal process." Section 3682, General Code.

We revert to a consideration of the statutory provisions. Legal process does not precede, but necessarily follows the institution of an action or proceeding. 42 American Jurisprudence, 5, Section 2; 32 Ohio Jurisprudence, 365, Section 2; *State, ex rel.,* v. *Guilbert, Aud.,* 56 Ohio St., 575, 619, 47 N. E., 551, 60 Am. St. Rep., 756, 38 L. R. A., 519. It does not consist of a notice of an intention to institute an action or proceeding as contended by appellee. The action or proceeding may never be commenced, and if commenced the owners would not have received notice of the actual commencement. It will not be presumed that the state Legislature intended to enact a law producing unreasonable or absurd consequences. *State, ex rel. Cooper,* v. *Savord, Judge,* 153 Ohio St., 367, 92 N. E. (2d), 390. The gist of the requirement of the statute is that the landowners be notified five days before the application is acted upon by the court preparatory to issuing an order that the matter be sent to the jury for the assessment of compensation.

The term, "application," as used in the statute, is

intended to describe a legal document which, when filed, will start the wheels of justice turning. An application prepared and signed, but not filed, has no legal effect and does not accomplish this purpose. A notice served at this juncture, in our opinion, does not comply with the statutory requirement of legal process. To constitute legal process the notice must relate to some formal legal action or proceeding already instituted.

The provision in Section 3682, General Code, referring to publication of the notice impliedly defines the word, "application," to mean the time of the hearing on the application. We find no reported case in which this precise question has been determined. However, the courts, in several instances, have made statements indicating that the time of the application referred to the time of the hearing on the application, rather than the time of filing of the application. See *Toledo & Central Ohio Ry. Co.* v. *City of Fostoria,* 7 C. C., 293, 4 C. D., 602, affirmed without opinion in 56 Ohio St., 726, 49 N. E., 1115; *Railroad Company* v. *Village of Belle Centre,* 48 Ohio St., 273, 290, 27 N. E., 464; *P. C. C. & St. L. Ry. Co.* v. *City of Greenville,* 69 Ohio St., 487, 496, 497, 69 N. E., 976; *City of Dayton* v. *Vance,* 26 N. P. (N. S.), 161, 167. The case of *Harbeck* v. *City of Toledo,* 11 Ohio St., 219, can be distinguished on the facts where a copy of the application was not set out in the publication notice as required by statute.

We hold that Section 9685-1 and Sections 3681 to 3697, inclusive, of the General Code are *in pari materia* and must be construed together.

In the case at bar, the notice was served after the filing of the application, and more than five days before the preliminary hearing, at which time the trial court found that notice had been duly given, and set the time for the assessment of compensation by the jury. We are of the opinion that the record shows a compliance

with all the statutory requirements and the dismissal of the application thereafter constituted reversible error.

Second: Whether a general appearance in an appropriation proceeding by a defendant-landowner, requesting and being granted continuances, filing written pleadings by way of demurrer and answer, and thereafter moving to dismiss the proceeding, constituted a waiver of any alleged defects in the notice of the application. Defendants contend that all statutory requirements in appropriation proceedings must be strictly observed, and are mandatory; that a noncompliance does not vest the court with jurisdiction, and cite in support thereof numerous Ohio cases, among which are *Harbeck* v. *Toledo, supra*; *Grant* v. *Village of Hyde Park,* 67 Ohio St., 166, 172, 65 N. E., 891. We agree with this statement as a general proposition of law. In the instant case, relating the question here discussed to the issue presented, what was necessary to be done to vest the court with jurisdiction? Plaintiff answers that the service on the defendants of a notice of the time and place of the application five days before the hearing on the application vests the court with jurisdiction. The defendants contend the service of the notice in this case was a nullity and failed to vest jurisdiction. The court had jurisdiction of the subject matter. What is challenged here is jurisdiction over the person. Assuming that the service of the notice was a nullity, with which we cannot agree, did the defendants enter their appearances? The statute (Section 3683, General Code), provides that the defendant may waive service of the notice. One of the defendants, Herbert Wilson, filed a written waiver of the service of the notice. Certainly, the court acquired jurisdiction over the person of Wilson. In our opinion, the defendants would be in court and the court would have acquired jurisdiction if no notice at all

had been served. In the case at bar, the defendants appeared at the preliminary hearing; later filed a demurrer on the ground of another action pending; appeared in court to withdraw the demurrer; filed an answer before the filing of the motion to dismiss; and requested and were granted a continuance of the preliminary hearing. At no time did defendants object to the jurisdiction over their persons prior to filing the motion to dismiss. Voluntary appearance of the defendants is equivalent to service. Section 11287, General Code. It is well established that service of summons is waived by a general appearance. Jurisdiction of the person, once acquired, cannot be withdrawn. 32 Ohio Jurisprudence, 413, Section 36; 3 Ohio Jurisprudence, 11, 28 and 30.

In *Railroad Co.* v. *Village of Belle Centre, supra,* the court, on page 292, said:

"Besides, it is shown by the record of the Probate Court, that the plaintiff in error, at the time and place fixed for making the application as designated in the published notice, filed its motion in that court to dismiss the proceeding and deny the application, for the reason, among others, that the court had no jurisdiction of the subject-matter. The motion was argued by counsel for the parties, and overruled by the court. This effected the appearance, and gave the court jurisdiction of the plaintiff in error. *Elliot* v. *Lawhead,* 43 Ohio St., 171."

See, also, *Jones* v. *City of Mineola* (C. C. A., Texas), 203 S. W. (2d), 1020; *England Pond Drainage District* v. *Hurst,* 344 Ill., 610, 176 N. E., 733. In our opinion the court acquired jurisdiction over defendants Scott and Crone not only by service of notice as required by statute, but by entry of general appearance, which was effectual to vest the court with jurisdiction. The court acquired jurisdiction over defendant Wilson by waiver which was filed more than five days before the pre-

liminary hearing, and over defendant, Nushawg, by service of the notice as required by statute.

Third: Whether plaintiff was required by Section 9885-1, General Code, to file in the Common Pleas Court a separate paper designated as a ''description'' of the land sought to be appropriated when both the application to assess compensation and the notice served on the landowners contained a complete legal description of the property and when there is simultaneously filed therewith a plat of such lands. The provisions of Sections 9885-1 and 3681, General Code, which are *in pari materia*, were complied with by incorporating a correct legal description of the land in the application to assess compensation and filing therewith a plat of such lands. In fact the procedure followed was more effective than that for which the defendants contend. In our opinion the trial court was in error in ruling that plaintiff has not complied with the requirements of the statute in this regard.

Finding error in the record prejudicial to the rights of the plaintiff, the judgment is reversed and the cause is remanded for further proceedings according to law.

*Judgment reversed.*

MILLER and HORNBECK, JJ., concur.

HORNBECK, J., concurring. I agree with the foregoing opinion as to all assignments of error except the first and concur in the judgment.

The interpretation of the majority of the court of Sections 3682 and 3683, General Code, is desirable and practical from a procedural standpoint, but I can not find authority for such interpretation in the language of the applicable sections of the Code.

Section 9885-1, General Code, defining the requisite procedure to be followed by the plaintiff in its purpose

to appropriate the land in question remands it to Sections 3681 to 3697, inclusive, General Code. The first use and the source of the meaning of ''application,'' as found in the latter sections of the Code, is in Section 3681, General Code:

''Upon the passage of such ordinance [a resolution expressing an intent to appropriate land], the solicitor shall make *application* to the Court of Common Pleas or to a judge in vacation, to the Probate Court, or to the insolvency court, in the county in which the land sought to be taken is located, which *application* shall describe as correctly as possible the land to be appropriated, the interest or estate to be taken, the object proposed, and the name of the owner of each lot or parcel thereof.'' (Emphasis ours.)

Section 3682, immediately following Section 3681, continues:

''Notice of the time and place of *such application* shall be given in the ordinary manner of serving legal process, to all owners or agents of owners resident of the state, whose place of residence is known, and to all others by publishing the substance of the *application*, with a statement of the time and place at which *it is to be made*, once a week for three weeks next preceding the time of the *application* in some newspaper of general circulation in the county.''

Certainly the words, ''such application,'' as used in Section 3682, General Code, refer to the ''application'' defined in Section 3681, General Code, and are one and the same instrument. To hold that ''application,'' as used in Section 3682, General Code, refers to a hearing following the filing of the application with the clerk does violence to the express language of Section 3682, General Code, that notice shall be given of ''such application.''

There is nothing to indicate that the word, ''application,'' in Section 3683, General Code, is used in any

other sense than in the two sections immediately preceding it. This section provides for a determination by the court in which the application is filed that if due notice has been served five days *before* the time of application, or has been published, or that the notice has been waived, the court shall set a time for the assessment of compensation, etc.

The procedure outlined by these sections of the Code is somewhat awkward, but it may not be said that it cannot be followed. Notice before filing a legal action is not unknown to the law. For instance, in forcible entry and detainer actions, the notice to leave the premises must be served three days before the action is instituted.

In Section 3680, General Code, covering proceedings on passage of a resolution by council declaring intent to appropriate land provides for service on resident land owners affected by written notice ''by a person designated for that purpose, and return made in the manner provided by law for the service of summons in civil actions.'' This notice would be given before any action to appropriate is instituted in court.

It will be noted that it is optional with the plaintiff that it make the application provided in Section 3681, General Code, to any one of three courts. So that it is not unusual that Section 3682, General Code, requires that the notice to be served on the land owners should state the place where the application is to be made and the time of filing the application which would necessarily be at least five days subsequent to the notice required by Section 3682, General Code.