## In Re A. J. Marineau

[108 A2d 402]

May Term, 1954.

Present: **Sherburne, C. J., Jeffords, Cleary and Chase, JJ.**

Opinion Filed October 5, 1954.

*Daniels & Reed* for the petitionee.

*Foti & Adams* for the petitioner.

**Jeffords, J.** On June 2, 1952, A. J. Marineau obtained a permit to erect a chicken brooder house on his property in Montpelier. On June 16 Frank A. Grappone appealed from the issuance of the permit to the board of adjustment of that city. The board affirmed the granting of the permit. On July 24, 1952, Grappone filed an appeal from the decision of the board by a petition to the Washington County Court under the provisions of V. S. 47, §3868. The case appeared on the printed docket of that court and on the call of the list at its September term, 1952, one of the attorneys of record in this Court for Marineau, hereinafter called the petitionee, inquired of the clerk as to the nature of the petition and, upon being informed, entered a special appearance of his firm for the petitionee.

At the opening of the March term, 1953, Grappone, hereinafter called the petitioner, moved for a hearing on the petition. The court at the conclusion of the hearing on the motion ordered the issuance of notice and citation to all interested parties with service on them and requiring their appearance to be entered within 21 days of the date of service. This order was dated March 27, 1953, and it was served on April 3.

On April 9 the petitionee filed a motion to dismiss the petition. The grounds of this motion are, in substance, [1] that

no recognizance to the petitionee was taken, as required by statute, as security to the petitionee in the event the petitioner fails to prosecute his appeal and as a consequence the petition is fatally defective and [2] that no notice was given the petitionee of any pending appeal until April 3, 1953, which was not within a reasonable time of the filing of the petition. Other grounds of the motion state that the failure to give notice within a reasonable time is a violation of due process and to permit a hearing on the petition at this late date would be unjust and unreasonable, especially as no stay of proceedings was asked for under the statute. It is also stated that by reason of failure to give notice within a reasonable time, the county court has no jurisdiction over the person of the petitionee and that the issuance of the citation and notice at so late a time cannot confer jurisdiction. The final ground of the motion is, in substance, that the county court has no jurisdiction of the subject matter of the cause for the reasons previously stated and therefore could not legally issue the citation and notice which is null and void.

This motion was denied with exceptions to the petitionee. The only questions here presented relate to the denial of the motion.

V. S. 47, §3869 contains provisions relating to the hearing and order on the appeal provided for in §3868. The concluding sentence in §3869 is as follows: "Costs shall be allowed the prevailing party on appeal in county court."

The claim of the petitionee is that in all cases where costs are allowed by statute, there must be a recognizance for such costs, except where the State is the moving party. No cases have been presented to us nor have we found any wherein this question is squarely answered. The case mainly relied upon by the petitionee is *Whittaker* v. *Perry*, 37 Vt 631. That case was one of forcible entry and detainer. It was entered before a justice of the peace and an appeal was taken to the county court. A plea of abatement was filed on the ground that no security was given by the plaintiff by way of recognizance that he would prosecute his suit to effect etc. In county court the plea was adjudged insufficient. This judgment was reversed in the Supreme Court and the suit was dismissed. Judge

Pierpoint wrote the opinion in this case. He says, "The question then arises, is a recognizance for costs necessary upon the issuing of a process of this character?" He then refers to a statute relating to suits before a justice which provides that the justice shall take security for the costs of prosecution. He then asks, "Is this proceeding a suit within the meaning of this section of the statute?" He then discusses this question without giving a definite answer to it. We quote the next two paragraphs in the opinion.

"In the statute relating to proceedings of this character, there is no specific provision that the complainant shall give security for costs, in case he fails, but it is expressly provided that if he fails he shall pay costs to the defendants. And the policy of our law is, that when a person institutes proceedings for the redress of an injury to himself, in which he is liable for costs if he fails, to require him to give security to the opposite party for the payment of such costs, in case judgment therefor is rendered against him.

"And we can see no reason why this class of cases should be an exception to the general rule. If the legislature had not understood that proceedings of this character come within the provision of the statute before referred to, regulating the giving of security for costs in suits returnable before justices of the peace, they would have specially provided for it."

The second of the above quoted sentences appearing in the first above quoted paragraph is mainly relied upon by the petitionee in support of his claim.

It is apparent from a study of this case that the reason for the decision was the conclusion that the case at hand came within the provisions of the statute referred to.

The petitioner claims that there is no common law right to, or requirement for, securing costs by a recognizance and that such right, if any, would accrue by reason of statute only. He cites authorities from other jurisdictions which seem to support this claim. This is not the law of Vermont which dates back to the case of *Young* v. *Shaw*, 1 D. Chipman, 224. In that case it is said, "If it (the recognizance) be void, it is because courts of common law jurisdiction have no power to take a recognizance in any case, unless authorized by statute." It is

then stated that this is a power incident to every common law court of record. In the case of *Colony* v. *Maeck*, 8 Vt 114, it is stated, "It is incident to the power of the court to take a recognizance. Whenever the court can tax costs they may, by their general power under the statute, take a recognizance to secure the payment of those costs." In the case of *Quarries Co.* v. *Fidelity and Guaranty Co.*, 78 Vt 445 and 458, 63 A 581, 585, it is said, "The county court has inherent power to require that security be given for costs."

The petitioner cites many of our cases which he says indicate that the requirement for securing costs to the opposing party is a product of statute. We have examined all of them. In our opinion they merely indicate or hold that for one to be required to give security for costs in the first instance there must be a statute providing for this requirement. None of them hold that a court in the absence of statutory direction may not in its discretion order the giving of a recognizance, especially when the statute in question, as here, provides that costs be allowed the prevailing party. For illustrative cases see *Whittaker* v. *Perry, supra*; *Brock* v. *Eastman*, 27 Vt 559; *Sisco* v. *Hurlburt*, 17 Vt 118; *Durkee* v. *Marshall*, 14 Vt 559; *Foster* v. *Carpenter*, 11 Vt 589.

██ Our conclusion is that the rule to be deduced from our cases is, that unless required by statute, a recognizance is not required to be given unless by order of the court and that the court has the power to order, in its discretion, that security for costs be given, especially when the statute in question provides that costs be allowed the prevailing party. That there is no mandatory duty to so order is shown by the language quoted from *Colony* v. *Maeck, supra*. It follows that the claim of the petitionee in respect to the lack of a recognizance is without merit.

█ The claims of the petitionee in respect to notice are that no notice of the appeal was given until the notice and citation served on April 3, 1953 and [2] this notice was not given within a reasonable time of the filing of the petition. Under our rule we consider only these two grounds made below. *Preston* v. *Montgomery Ward*, 112 Vt 295, 298, 23 A2d 534.

■ V. S. 47, Chapter 173 which provides for municipal zoning is silent as to notice, except in the event a stay of proceedings is applied for, which was not done here. However, due process requires that reasonable notice be given the petittionee that an appeal has been entered and such notice may be given at any reasonable time after the entry of the appeal, *Appeal of Maurice*, 117 Vt 264, 268, 269, 90 A2d 440.

In that case we held, in effect, that a notice of an appeal approximately seven months after it had been filed would be given within a reasonable time. In the present case the notice was given approximately eight months after the entry of the appeal. The question is whether because of this additional length of time we should hold that the notice was given an unreasonable time after the filing of the petition and thus in violation of due process, as claimed by the petitionee.

As before stated, an attorney of record in this Court for the petitionee on the call of the list in county court inquired of the clerk as to the nature of the petition and, upon being informed, entered a special appearance for the petitionee. The petitionee in his brief states that this occurred on September 8, 1952.and he admits that this lawyer was at that time his counsel and that the attorney then made an oral motion to dismiss the petition.

From these facts the only reasonable inference to be drawn is at that time counsel for the petitionee obtained knowledge of the fact that a petition for an appeal had been entered and of its nature. This was 46 days after the filing of the petition. From that time on the petitionee through his counsel could have taken such steps as he saw fit to expedite a hearing on the petition, if speedy action were desired. It follows that no prejudice resulted from the fact that formal notice was not given until later.

We hold, under the circumstances of the case, that the notice in question was not given an unreasonable time after the filing of the petition. This holding makes it unnecessary to decide whether the knowledge, above referred to, constituted actual legal notice of the petition, as claimed by the petitioner, and disputed by the petitionee under the first of his above noted claims.

*The judgment denying the motion to dismiss is affirmed.*