[No. 33245. Department One. July 21, 1955.]

ANDREW F. GREIN *et al., Appellants,* v. NUGENT LAPOMMA *et al., Respondents.*[1]

*John E. Prim* and *William F. Lockett,* for appellants.

*Bassett, Geisness & Vance,* for respondents.

PER CURIAM.—The respondents move to dismiss this appeal for this court's want of jurisdiction. The following sequence of the proceedings is admitted:

(1) November 17, 1954, the cause was tried to the court, sitting without a jury.

(2) November 17, 1954, the court rendered an oral opinion adverse to the appellants.

(3) December 24, 1954, appellants' attorneys served respondents' counsel with a notice of appeal "from the decision rendered by the Honorable William J. Wilkins on November 17, 1954."

(4) January 3, 1955, findings of fact, conclusions of law, and judgment were formally signed by the court and filed.

(5) January 3, 1955, the notice of appeal which previously had been served upon respondents' counsel December 24, 1954, was filed.

[1] Reported in 286 P. (2d) 97.

The sole question presented by respondents' motion is whether a written notice of appeal served prior to the entry of a formal judgment, which notice specifically appealed from the oral decision of the trial court, is sufficient to support an appeal from the judgment subsequently signed and filed.

This court's Rules on Appeal provide that an appeal can be taken only from a final judgment (with exceptions not here material). Rules on Appeal 14, and 33, as amended, effective January 2, 1951, 34A Wn. (2d) 20, 33.

 An oral decision is not a judgment. *Earl v. Geftax,* 43 Wn. (2d) 529, 530, 262 P. (2d) 183 (1953), and cases cited. An appeal does not lie from an oral decision. *In re Campbell,* 38 Wn. (2d) 140, 141, 231 P. (2d) 312 (1951), and cases cited. The appellate court cannot go beyond the notice of appeal as given and filed. *Hayton v. Independent Petroleum Co.,* 27 Wn. (2d) 856, 859, 180 P. (2d) 557 (1947). The serving and filing of a timely notice of appeal from a final judgment is jurisdictional. *Dux v. Hostetter,* 37 Wn. (2d) 550, 555, 225 P. (2d) 210 (1950).

There was no notice of appeal from the final judgment in this case. The motion to dismiss is granted.