[Nos. 47061–8, 47469–9, 47529–6.   En Banc.   October 29, 1981.]

NORTH STREET ASSOCIATION, ET AL, *Appellants,*
v. THE CITY OF OLYMPIA, ET AL,
*Respondents.*

G–3 PROPERTIES, INC., ET AL, *Respondents,* v. THE
BOARD OF COUNTY COMMISSIONERS OF YAKIMA
COUNTY, *Respondent,* DONALD M.
BROWN, ET AL, *Petitioners.*

GREATER KINGSGATE COUNCIL, INC., *Appellant,*
v. KING COUNTY, ET AL, *Respondents.*

*Carroll, Kennedy, Schuck & Caplinger, P.S.,* by *John James Watson* and *James J. Caplinger,* for appellants North Street Ass'n, et al.

*Ronald F. Whitaker* (of *Walters, Whitaker, Finney & Falk*), for petitioners Brown.

*Davis, Wright, Todd, Riese & Jones,* by *C. Keith Allred* (counsel for appeal only) and *Estep & Li,* by *Ronald G. Brown,* for appellant Greater Kingsgate Council.

*Mark O. Erickson, Alexander W. Mackie,* and *Owens, Weaver, Davies & Dominick,* for respondents City of Olympia, et al.

*Velikanje, Moore & Shore, Inc., P.S.,* by *E. F. Velikanje,* for respondents G–3 Properties, et al.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Louis Daniel Fessler, Deputy,* for respondent Yakima County Board of Commissioners.

*Norm Maleng, Prosecuting Attorney,* and *Stephen O. Kenyon, Deputy,* for respondent King County.

*Thom, Navoni, Hoff, Pierson & Ryder,* by *Richard W. Pierson,* for respondents Century Homes, et al.

UTTER, J.—This is a consolidation of three cases. In each, the trial court dismissed a writ of review, challenging a plat approval decision, on the grounds that necessary parties had not been timely joined and/or served. For reasons that vary with each case, we reverse the appealed judgments.

In North Street Association v. City of Olympia, an application was filed for the approval of a subdivision in southeast Olympia. After several hearings, the city commission on December 18, 1979, rendered an oral decision approving the plat, with the official "Notice of Decision" and "Findings in Support of Decision" following on January 22, 1980. On January 17, 1980, exactly 30 days after the oral decision, the appellant, North Street Association, an organization of neighborhood property owners, filed in superior court a

"Notice of Application for Writ of Review." The notice named and was served on the City of Olympia and its planning commission. Although the plat sponsor and affected property owners had actual notice of the writ, they were neither named nor served.

On February 8, 1980, the City moved to deny the application for review on the ground that the Association had failed to name and to serve the plat sponsor and property owners. The Association then filed and served an "Amended Notice of Application for Writ of Review" on February 19, 1980, naming these additional parties. The respondents again moved to dismiss the application, this time maintaining that the necessary parties had not been served within the 30–day filing period provided by RCW 58.17.180. The trial court agreed and dismissed the action.

The case has been transferred to this court for direct review. Counsel on appeal were not counsel at trial.

In G–3 Properties, Inc. v. Board of County Commissioners, petitioners Donald and Colista Brown sought approval from the Yakima County Board of Commissioners (Board) to subdivide 29 acres of their land. The Board passed a preliminary plat approval on August 7, 1979. Ten days later, the respondent, G–3 Properties, Inc., filed an application for a writ of certiorari to review the Board's decision. The writ was directed to, named, and served on the Board.

On September 13, 1979, the Board moved to dismiss the writ because G–3 had failed to join the Browns. On September 19, 1979, 42 days after the original Board action, G–3 moved to join the Browns. The Browns then also moved to dismiss the suit for failure to join them within the 30–day filing period under RCW 58.17.180. The trial court denied G–3's motion and granted the Browns' motion.

The record indicates that at all times G–3 was aware of the Browns' interest in this matter. Similarly, although the Browns were never formally served, they had actual notice that G–3 had filed for the writ.

G–3 filed a notice of appeal, and the Browns then moved to dismiss it. On March 19, 1980, the commissioner denied

the motion to dismiss and remanded the case to the trial court to determine whether the Browns had been or would be prejudiced by their nonjoinder. The trial court concluded that their nonjoinder had been and would continue to be prejudicial to them.

Notwithstanding that finding, the Court of Appeals subsequently reversed the trial court, holding that joinder and service is not necessary within the 30–day period. The case is before this court upon a petition for review.

In Greater Kingsgate Council, Inc. v. King County, the King County Council passed ordinance No. 5032, approving a planned development project proposed by respondents Century Homes, Inc., and Peter Primeau. On August 29, 1980, 18 days after the ordinance, appellant Greater Kingsgate Council, a homeowners' association, applied for a writ of review. The application for the writ named all necessary parties: respondents King County, King County Council, King County Council Clerk, Century Homes, Inc., and Peter Primeau.

On the same day, the court caused the writ to be issued and service was made on respondents King County and King County Council Clerk. However, respondents Primeau and Century Homes were not served until the 3rd and 8th of September, respectively.

Due to the delayed service, respondents Century Homes and Peter Primeau moved for a dismissal of the application as being untimely under King County Code 20.24.210. The other respondents soon joined the motion. The trial court originally denied the motion, but upon reconsideration decided to dismiss appellant's application. The stated grounds for the dismissal were that the appellant had not complied with King County Code 20.24.210, which provides that writs must be filed within 20 days of the plat decision.

This case, like North Street Association, has been transferred to this court for direct review.

The controversy is the product of RCW 58.17.180 and, in the Greater Kingsgate case, King County Code 20.24.210. RCW 58.17.180 provides:

Any decision approving or disapproving any plat shall be reviewable for unlawful, arbitrary, capricious or corrupt action or nonaction by writ of review before the superior court of the county in which such matter is pending. The action may be brought by any property owner in the city, town or county having jurisdiction, who deems himself aggrieved thereby: *Provided,* That application for a writ of review shall be made to the court within thirty days from any decision so to be reviewed. The cost of transcription of all records ordered certified by the court for such review shall be borne by the appellant.

King County Code 20.24.210 states:

(a) Decisions of the council in cases identified in Section 20.24.070 [Land Use Matters] shall be final and conclusive action unless within twenty calendar days . . . from the date of the council's adoption of an ordinance an aggrieved person applies for a writ of certiorari from the Superior Court in and for the county of King, state of Washington, for the purpose of review of the action taken; provided, no development or related action may occur during said twenty–day . . . appeal period.

These three cases thus present the questions of when those filing periods begin and whether necessary parties can be both named and served after their expiration.

I

The trial courts concluded that service must be effectuated within the stated periods. The applicants disagree, arguing that pursuant to RCW 4.16.170, there is an additional 90 days after the filing of the writ.

██ RCW 58.17.180 and King County Code 20.24.210 are unique in that they permit writs of review as a matter of right. Each is a hybrid, uses language not usually associated with writs of review, and thus both are understandably confusing to counsel. When reviewing such statutory writs, the court is acting in an appellate capacity and compliance with any statutorily imposed time limits is jurisdictionally essential. *Deschenes v. King County,* 83 Wn.2d 714, 716, 521 P.2d 1181 (1974).

Our first task is to determine if RCW 58.17.180 and King

County Code 20.24.210 govern service of process. We believe they do not.

■ In resolving these cases, we must determine the meaning of the words "apply" and "application" as used in RCW 58.17.180 and Code 20.24.210. Those words have generally meant a more informal procedure than that employed when commencing other types of civil actions. *See generally Julius Restaurant, Inc. v. Lombardi*, 282 N.Y. 126, 25 N.E.2d 874 (1940). *McCarley v. McCarley*, 289 N.C. 109, 221 S.E.2d 490 (1976); *Fayette County Agricultural Soc'y v. Scott*, 96 Ohio App. 6, 121 N.E.2d 118 (1953); *Woerner v. O'Neal Comm'n Co.*, 169 Tenn. 468, 89 S.W.2d 162 (1936). Black's Law Dictionary defines "application" as "[t]he act of making a request for something." Black's Law Dictionary 127 (4th ed. 1951). And it defines "apply" as "[t]o make a formal request or petition, usually in writing, to a court . . . for the granting of . . . some rule or order . . . ." Black's, at 128. In *Julius,* where a statute used the word "application," the court concluded that a summons need not be served with the application, stating that had the legislature intended otherwise, it would have written the statute in terms of "commencing an action." *Julius,* at 876.

A *Julius* approach has been applied to zoning appeal statutes which do not mention either notice or service. *See, e.g., Kelley v. Hopkinton Village Precinct*, 108 N.H. 206, 231 A.2d 269 (1967); *In re Marineau*, 118 Vt. 261, 108 A.2d 402 (1954); *In re Maurice*, 117 Vt. 264, 90 A.2d 440 (1952). These courts have read those statutes as governing only the time in which the writ must be filed and not when it must be served. In this regard, it is significant that when RCW 58.17.180 and Code 20.24.210 were passed, similar laws in other states did impose specific service requirements. *See generally* R. Anderson & B. Roswig, *Planning, Zoning, Subdivision* 206 (1966), cited in 4 R. Anderson, *Zoning* § 25 (2d ed. 1977).

In several other contexts, we too have read statutes like RCW 58.17.180 and Code 20.24.210 as not requiring service

within their specifically prescribed periods. *See, e.g., Citizens Interested in Transfusion of Yesteryear v. Board of Regents,* 86 Wn.2d 323, 544 P.2d 740 (1976); *Curtis Lumber Co. v. Sortor,* 83 Wn.2d 764, 522 P.2d 822 (1974). At issue in *Citizens* was the SEPA imposed 60–day period for reviewing governmental actions affecting the environment. And *Curtis Lumber* involved the 8–month filing period for mechanics' liens. In both of those cases, we concluded that CR 3(a) and RCW 4.16.170 governed the service of process and hence service could be effectuated any time within 90 days after the writ application.

The analysis of *Curtis Lumber* and *Citizens* is equally applicable to this case. Both RCW 58.17.180 and Code 20.24.210 authorize appeals pursuant to, what are termed in the statute and code as, writs of review or certiorari. The procedure for perfecting such writs is found in RCW 7.16. That chapter expressly states that "[e]xcept as otherwise provided in this chapter, the provisions of the code of procedure concerning civil actions are applicable to and constitute the rules of practice in the proceedings in this chapter." RCW 7.16.340. It is generally recognized that where a statute provides that zoning actions are to be reviewed by extraordinary writs, writ procedure governs. 8A E. McQuillin, *Municipal Corporations* 446 (3d ed. 1976). Since RCW 58.17.180 and Code 20.24.210 do not specifically refer to service or notice, the otherwise applicable notice and service provisions must control.

The otherwise applicable provisions are CR 3(a) and RCW 4.16.170. *See Citizens, supra; State ex rel. L.L. Buchanan & Co. v. State Pub. Serv. Comm'n,* 39 Wn.2d 706, 237 P.2d 1024 (1951). CR 3(a) provides:

> [A] civil action is commenced by service of a copy of a summons together with a copy of a complaint, as provided in Rule 4 or by filing a complaint. . . . An action shall not be deemed commenced for the purpose of tolling any statute of limitations except as provided in RCW 4.16.170.

RCW 4.16.170 states:

For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint. . . . If following service, the complaint is not so filed, or following filing, service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations.

Therefore, as in *Curtis Lumber* and *Citizens,* we conclude that upon filing a writ within the 20– or 30–day period, the applicant has an additional 90 days to serve all necessary parties.

That conclusion, when applied to these cases, requires reversing the judgment entered by the trial court in Greater Kingsgate. There, all necessary parties were named in the original writ and all were served within 90 days following the application. Consequently, the trial court in Greater Kingsgate incorrectly dismissed the writ.

## II

The trial courts in G–3 Properties and North Street Association dismissed the writs, in part, because the original writs failed to name all necessary parties. In both cases, the applicants attempted to add those parties after expiration of the 30–day period. The applicants argue that the dismissals were inconsistent with CR 15(c).

CR 15(c) provides:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. *An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the*

*action that he will not be prejudiced in maintaining his
defense on the merits, and (2) knew or should have
known that, but for a mistake concerning the identity of
the proper party, the action would have been brought
against him.*

The italicized portion of the rule was added in response to
the 1966 amendment to Fed. R. Civ. P. 15(c).

Under the rule as it existed before 1966, a new and unre-
lated party could not be added after the statute of limita-
tions had run. *See Hill v. Withers,* 55 Wn.2d 462, 348 P.2d
218 (1960). Thus, the old rule was generally applied only to
cases of mistaken capacity, misnomer or oversight. *Hill,
supra; DeSantis v. Angelo Merlino & Sons, Inc.,* 71 Wn.2d
222, 427 P.2d 728 (1967). While we have not yet determined
the effect of the 1966 amendment, most courts have con-
cluded that new parties may be added if all the require-
ments of 15(c) are met. *Taliferro v. Costello,* 467 F. Supp.
33 (E.D. Pa. 1979); *Francis v. Pan Am. Trinidad Oil Co.,*
392 F. Supp. 1252 (D. Del. 1975); *Williams v. Avis Transp.
of Can., Ltd.,* 57 F.R.D. 53 (D. Nev. 1972); *Yorden v.
Flaste,* 374 F. Supp. 516 (D. Del. 1974); Note, *Federal Rule
of Civil Procedure 15(c): Relation Back of Amendments,* 57
Minn. L. Rev. 83, 106 (1972); 3 J. Moore, *Federal Practice* ¶
15.15, at 15–224–34 (2d ed. 1980). New parties can be
added, these courts have concluded, because once the notice
and prejudice requirements of the rule have been met, any
amendment does not subvert the policies of the statute of
limitations. Rule 15(c), as amended, dovetails with the
policies of the limitation statutes. Note, at 127–32; Moore,
at 15–224–34.

The amended rule, however, still does not permit
joinder if the plaintiff's delay is due to inexcusable neglect.
*Upshaw v. Equitable Life Assurance Soc'y of United
States,* 85 F.R.D. 674 (E.D. Ark. 1980); *Morse v. Michael-
son, Rabig & Ramp,* 101 Ill. App. 2d 366, 243 N.E.2d 271
(1968); Moore, at 15–231. In both North Street Association
and G–3 Properties, the applicants were at all times aware
of the necessary parties and yet still failed originally to

name them. From the record, no reason for the omission appears. The omission therefore must be characterized as inexcusable neglect and, consequently, CR 15(c) was inapplicable to these cases. The Court of Appeals in G–3 Properties, for having concluded otherwise, is reversed.

## III

North Street Association argues that the 30–day statutory period does not commence to run until a verbatim transcript of the proceedings, findings of fact, and conclusions of law have been released. In its case, the formal findings and conclusions were not presented until January 22, 1980, and a verbatim transcript has not yet been produced.[1] Under this theory, the "new" parties would have been properly joined and served within the 30–day period.

In *Parkridge v. Seattle,* 89 Wn.2d 454, 573 P.2d 359 (1978), this court held that the body adjudicating land use and zoning issues must provide any reviewing court with a verbatim transcript of its proceedings and enter findings of fact and conclusions of law supported by that record.

*Parkridge* did not address this issue, but on the facts of this case we must conclude that the period did not commence until the official notice of decision. Not until that decision was released on January 22, 1980, were all the terms of the plat approval known.[2] In fact, both the findings and notice of decision were "subject to . . . additional conditions" not otherwise found in the public record. The oral decision in December simply stated that the plat was approved. But the conditions for the approval were not

---

[1]The city commission has only produced a written summary of the commission's minutes.

[2]The notice of decision provides:

"That the Plat of Nottingham . . . was approved by the Olympia City Commission on December 18, 1979 as presented and with conditions attached thereto in the attached Exhibit 'B', *subject to the following additional conditions:* . . ." (Italics ours.) Similarly, the third formal conclusion reads:

"That the Plat of Nottingham, case 450 as proposed, should be approved by the Olympia City Commission subject to all conditions attached thereto and *the following additional conditions:* . . ." (Italics ours.)

known until the official notice of decision.

It would be fundamentally unfair to require that a writ be filed before the scope of the approval is known. *See Malott v. Randall,* 83 Wn.2d 259, 517 P.2d 605 (1974); *Grip v. Buffelen Woodworking Co.,* 73 Wn.2d 219, 437 P.2d 915 (1968); *Grein v. LaPomma,* 47 Wn.2d 40, 286 P.2d 97 (1955). It would require the parties to "appeal" an undefined decision. The right of review should not depend on an individual's ability to foresee future events. Therefore, inasmuch as the oral decision was subject to modification, the North Street writ was improperly dismissed.

Finally, counsel for appellant cites no compelling reason why the 30-day statutory period should run from the time of filing the verbatim transcript, and we decline to so hold.

For the above reasons, we affirm the dismissal in G-3 Properties and reinstate the writs in both North Street Association and Greater Kingsgate. North Street Association and Greater Kingsgate are thus remanded to Superior Court for further proceedings.

BRACHTENBACH, C.J., and STAFFORD, DOLLIVER, HICKS, and DIMMICK, JJ., concur.

DORE, J. (concurring in part, dissenting in part)—I concur with the majority in North Street Association v. City of Olympia and Greater Kingsgate Council, Inc. v. King County. I dissent in G-3 Properties, Inc. v. Board of County Commissioners. I would affirm the Court of Appeals which reversed the trial court's granting of the Browns' motion to dismiss for failure to join necessary parties within 30 days, and reinstate the writ.

The amended rule (CR 15(c)) does not permit joinder if the plaintiff's delay is due to "inexcusable neglect". *Upshaw v. Equitable Life Assurance Soc'y of United States,* 85 F.R.D. 674 (E.D. Ark. 1980); *Morse v. Michaelson, Rabig & Ramp,* 101 Ill. App. 2d 366, 243 N.E.2d 271 (1968); 3 J. Moore, *Federal Practice* ¶ 15.15, at 15-231 (1980).

The majority holds that the failure to join and serve necessary parties was *inexcusable neglect,* meriting dismissal. However, the record indicates that the attorney for G–3 Properties was not aware of the holding in the recent case of *Veradale Valley Citizens' Planning Comm. v. Board of County Comm'rs,* 22 Wn. App. 229, 588 P.2d 750 (1978), which required joinder of property owners on zoning appeals. When the attorney for applicants became aware of the *Veradale* joinder requirement, he promptly moved to join the Browns within 12 days of the time period for timely filing of the petition. As the Browns had actual knowledge of the appeal, they were not prejudiced by the 12–day delay. It would hardly seem, given this court's past silence in defining inexcusable neglect, that the nonjoinder within the statutory period in this case was *inexcusable.*

Further, I find the trend toward a broader and a more liberal application of CR 15(c), evident in the 1966 amendment of the rule, particularly appropriate in cases involving real property. It is often difficult to ascertain the actual owners of real estate at a time certain, since the titleholders may have assigned, optioned, deeded or otherwise transferred ownership to others without filing such instruments of record. In such cases, owners of record may have no interest in such real estate, with the actual ownership being in third parties unknown to the petitioner. This is particularly true in our large cities where properties are held in record title by subsidiary corporations, with their stock owned by holding corporations, and it is difficult, if not impossible, to learn accurate ownership within a 30–day period. Or again, property may be owned jointly by many owners, creating great difficulty in identifying and serving all of them within 30 days.

It seems strange that municipalities and counties permit notice to adjacent owners on a zoning application to be given by merely posting written notices on conspicuous places within 300 to 500 feet of the property asking for the rezone. There is no requirement that such neighbors be personally served with process. If we don't require such

process at the original hearing, why do we put such a heavy burden and strict compliance on appellants on appeal, by requiring service on the owner of the zoned property within 30 days of the filing of the writ? After all, the municipality or county is the entity zoning the property, and if it is served within 30 days of filing the writ, the public interest is protected. Who would be harmed if other necessary and/or indispensable parties, such as the owners, are served within a reasonable time thereafter? It will create great injustices if meritorious appeals from decisions of planning commissions are mandated to be dismissed simply because the appellant is unable to accurately attain names of owners of properties which are the subject of a rezone application and he fails to serve and file process on them within 30 days of filing a writ of review. I believe a more just and practical interpretation of the rules involved in the subject case, would be to permit owners to be served within a reasonable time, after the municipality or county is served, in the absence of actual prejudice shown by the owner.

The reasoning pertaining to the subject appeal in *G–3 Properties, Inc. v. Board of County Comm'rs,* 27 Wn. App. 625, 633, 620 P.2d 108 (1980), is persuasive on this point, wherein Judge Roe concluded:

> The essence of the *Veradale* decision is prejudice and estoppel. In view of the liberal policy of joinder and amendment of pleadings and the absolute lack of prejudice to the Browns, we hold the request for joinder within 12 days of the time period for filing the petition timely. The factors of prejudice which were present in *Veradale* and lacking here must always be considered in deciding whether there may be joinder of necessary parties after the 30–day period has run. *While the considerations will not always be the same, there must always be the presence of prejudice before the action can be dismissed.*

(Italics mine.)

CONCLUSION

Under a realistic interpretation of CR 15(c), I believe that joining the Browns as parties within 12 days of the time period for filing of the petition is reasonable. I would have found CR 15(c) applicable and allowed the addition of the Browns as parties and reinstated the writ.

ROSELLINI, J., and HAMILTON, J. Pro Tem., concur with DORE, J.

Reconsideration denied January 22, 1982.