

2016 OCT 31 AM 9: 17

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| LARRY SPOKOINY, | ) | DIVISION ONE |
| Appellant, | ) ) ) | No. 74326-1-I |
| v. | ) ) | |
| THE WASHINGTON STATE YOUTH SOCCER ASSOCIATION, a Washington nonprofit corporation, | ) ) ) ) | UNPUBLISHED OPINION |
| Respondent. | ) ) ) | FILED: October 31, 2016 |

DWYER, J. — Today we are called upon to answer whether, when the judgment to be satisfied by an enforcement action is an amended judgment and the amended judgment altered the principal amount of the original judgment by including amounts awarded for losses incurred after entry of the original judgment, the statutory 10-year limitation period for enforcement of judgments commences upon entry of the amended judgment. The answer is yes.

I

In 2004, the Washington State Youth Soccer Association (WSYSA) imposed a five-year suspension against Larry Spokoiny for misconduct. Spokoiny subsequently filed a petition seeking a temporary restraining order

against WSYSA in superior court. WSYSA moved for summary judgment, citing Spokoiny's failure to exhaust the internal appeal procedure required by its by-laws prior to filing a court action. The superior court granted the motion on May 17, 2004. Thereafter, based on a cost-recovery provision in its by-laws, WSYSA requested an award of attorney fees and costs related to the litigation. On July 7, 2004, the superior court granted the request, awarding $16,353.83 in fees and costs. The superior court then entered judgment against Spokoiny in that amount.

On appeal, we affirmed the trial court's decision. Spokoiny v. Wash. State Youth Soccer Ass'n, 128 Wn. App. 794, 117 P.3d 1141 (2005). Spokoiny moved for reconsideration, which was denied. On September 2, 2005, a commissioner's ruling awarding fees and costs granted WSYSA $18,819.59 in attorney fees and costs resulting from Spokoiny's appeal.

Spokoiny sought discretionary review by our Supreme Court, but his request was denied. Spokoiny v. Wash. State Youth Soccer Ass'n, 156 Wn.2d 1036, 134 P.3d 1170 (2006). Our mandate issued on July 11, 2006.

Two months later, WSYSA moved for entry of an amended judgment in the superior court. On September 29, 2006, the superior court entered an amended judgment that included the following components: (1) the original principal judgment amount, (2) interest accrued on that amount, and (3) an additional amount for reasonable attorney fees and costs incurred by WSYSA in successfully defending the appeal. The amended judgment against Spokoiny totaled $45,187.51. Spokoiny did not appeal from the amended judgment.

Nine years later, in August 2015, WSYSA applied for a writ of garnishment against Spokoiny, which the trial court subsequently issued. Two weeks thereafter, WSYSA moved for an order authorizing supplemental proceedings, which the trial court granted.

One week later, Spokoiny filed a motion to quash the writ of garnishment and the order requiring him to appear in court for supplemental proceedings. This motion was denied. Spokoiny unsuccessfully moved for reconsideration.

Spokoiny now appeals.

II

A

Four statutes establish the time period for enforcing a judgment and thus control the disposition of this case.[1] The first such statute, RCW 4.16.020, details that actions upon a judgment are subject to a 10-year limitation period:

> The period prescribed for the commencement of actions shall be as follows:
>
> Within ten years:
>
> . . . .
>
> (2) For an action upon a judgment or decree of any court of the United States, or of any state or territory within the United States, or of any territory or possession of the United States outside the boundaries thereof, or of any extraterritorial court of the United

---

[1] Spokoiny cites numerous cases from Washington—and one case from Vermont—in claimed support for his arguments. TCAP Corp. v. Gervin, 163 Wn.2d 645, 185 P.3d 589 (2008); Am. Disc. Corp. v. Shepherd, 129 Wn. App. 345, 120 P.3d 96 (2005), aff'd, 160 Wn.2d 93, 156 P.3d 858 (2007); BNC Mortg., Inc. v. Tax Pros, Inc., 111 Wn. App. 238, 46 P.3d 812 (2002), overruled on other grounds by Columbia Cmty. Bank v. Newman Park, LLC, 177 Wn.2d 566, 304 P.3d 472 (2013); Wlasiuk v. Whirlpool Corp., 76 Wn. App. 250, 884 P.2d 13 (1994); N. St. Ass'n v. City of Olympia, 96 Wn.2d 359, 635 P.2d 721 (1981); Ayer v. Hemingway, 2013 VT 37, 73 A.3d 673 (2013).

None of these cases bear directly upon the matter before us and we need not address them further.

States, unless the period is extended under RCW 6.17.020 or a similar provision in another jurisdiction.

RCW 6.17.020(1) indicates that legal actions are available to enforce a judgment and that such actions are subject to a 10-year time limit that begins upon entry of the judgment:

> (1) Except as provided in subsections (2), (3), and (4) of this section,[2] the party in whose favor a judgment of a court has been or may be filed or rendered, or the assignee or the current holder thereof, may have an execution, garnishment, or other legal process issued for the collection or enforcement of the judgment at any time within ten years from entry of the judgment or the filing of the judgment in this state.

RCW 4.56.190 sets forth a limitation period regarding the existence of judgment liens arising from the entry of judgments:

> The real estate of any judgment debtor, and such as the judgment debtor may acquire, not exempt by law, shall be held and bound to satisfy any judgment of the district court of the United States rendered in this state and any judgment of the supreme court, court of appeals, superior court, or district court of this state, and every such judgment shall be a lien thereupon to commence as provided in RCW 4.56.200 and to run for a period of not to exceed ten years from the day on which such judgment was entered unless the ten-year period is extended in accordance with RCW 6.17.020(3) . . . .
>
> Personal property of the judgment debtor shall be held only from the time it is actually levied upon.

RCW 4.56.210 sets forth a 10-year limitation period arising from the entry of Washington court judgments and repeats the 10-year limitation for judgment liens:

> (1) Except as provided in subsections (2) and (3) of this section, after the expiration of ten years from the date of the entry of any

---

[2] Special rules exist for child support judgments and restitution or costs in a criminal case. RCW 6.17.020(2), (4). Subsection (3) of RCW 6.17.020 permits a prevailing party to obtain an extension of the 10-year enforcement period.

judgment heretofore or hereafter rendered in this state, it shall cease to be a lien or charge against the estate or person of the judgment debtor. No suit, action or other proceeding shall ever be had on any judgment rendered in this state by which the lien shall be extended or continued in force for any greater or longer period than ten years.

. . . .

(3) A lien based upon an underlying judgment continues in force for an additional ten-year period if the period of execution for the underlying judgment is extended under RCW 6.17.020.

When read together, these statutes indicate the start date of the time period during which a judgment may be enforced. The statutory language makes clear that this enforcement period begins upon entry of judgment. RCW 6.17.020(1) ("from entry of the judgment"); RCW 4.56.190 ("from the day on which such judgment was entered"); RCW 4.56.210(1) ("from the date of the entry of any judgment").

When "judgment" is initially specified in each statute, it is described as "a judgment" or, more notably, "any judgment." RCW 4.16.020(2); RCW 4.56.190, .210(1); RCW 6.17.020(1). When "judgment" is mentioned again in a statutory section, the language used therein merely refers back to the initial mention of "judgment." See, e.g., RCW 4.56.190 ("such judgment"); RCW 4.56.210(3) ("the underlying judgment"); RCW 6.17.020(1) ("the judgment"). Upon review of the pertinent statutory language, then, it is clear that "judgment" was intended to be construed broadly. Thus, taken together, these statutes establish that the time to enforce a judgment begins upon entry of *any* judgment.

B

Spokoiny contends that WSYSA's 2015 enforcement action is barred by the 10-year limitation period for enforcing judgments.[3] He is wrong.

Spokoiny first asserts that WSYSA is barred from enforcing its judgment because the proper interpretation of "judgment," as set forth in RCW 6.17.020 and RCW 4.56.210, is limited to only an "original judgment." In this case, he argues, that is the 2004 judgment. However, neither the statutes referenced by Spokoiny nor any of the other pertinent statutes support Spokoiny's interpretation of "judgment." Nowhere in the statutory language does the phrase "original judgment" appear. Rather, the time period to enforce a judgment commences upon the entry of that judgment. Spokoiny's contention to the contrary is without merit.

Spokoiny next contends that WSYSA is barred from enforcing its judgment against him because the 2006 amended judgment necessarily "relates back" to the date of the "original judgment" in 2004. As discussed, the pertinent statutes establish the *entry of any judgment* as the triggering event for the purpose of computing a limitation period applicable to that judgment. The statutes do not reference the entry of an earlier or "original" judgment. See RCW 6.17.020(1); RCW 4.56.190, .210. Furthermore, applicable case authority reflects the commonsense interpretation that entry of a judgment is the triggering event for both the availability of enforcement actions and the time period limiting such enforcement. See, e.g., Krueger v. Tippett, 155 Wn. App. 216, 226, 229 P.3d

---

[3] Spokoiny's arguments focus exclusively on RCW 6.17.020 and RCW 4.56.210, failing to mention RCW 4.16.020 and RCW 4.56.190, two clearly applicable statutes.

866 (2010) ("Entry of judgment creates a lien.") (discussing RCW 6.17.020(1));

Hazel v. Van Beek, 135 Wn.2d 45, 54, 954 P.2d 1301 (1998) ("The 10-year period commences upon entry of judgment, regardless of when the lien is filed.") (citing RCW 4.56.190, .210(1)).

Spokoiny also contends that WSYSA is barred from enforcing its judgment against him because it—in actuality—sought to enforce the 2004 judgment, not the 2006 amended judgment. To the contrary, the 2006 amended judgment is the judgment sought to be enforced by WSYSA. WSYSA's request in 2015 for an order authorizing supplemental proceedings clearly sought to enforce the 2006 amended judgment. It is that judgment that would be satisfied by a successful enforcement action.

C

Entry of a judgment marks the start date of the time period allowing for enforcement of that judgment. The amended judgment herein was explicit in both its incorporation of the original judgment amount and its inclusion of later amounts awarded. WSYSA properly sought to enforce that judgment within the time period allowed by pertinent statutes. Thus, the trial court astutely and properly permitted WSYSA to seek enforcement of its judgment against Spokoiny.

Affirmed.[4]

_Dwyer, J._

We concur:

_Appelwick, J._          _Becker, J._

---

[4] WSYSA's request for an award of attorney fees and costs based on the frivolous appeal provision of RAP 18.9(a) is denied. We express no opinion as to whether such an award would be appropriate if made on a different basis.