ALGONQUIN GAS TRANSMISSION COMPANY, Appellant, v. E. W. REALTY CORPORATION, Respondent, et al., Defendants. (Proceeding No. 1.) ALGONQUIN GAS TRANSMISSION COMPANY, Appellant, v. ROY J. GAROFANO et al., Respondents. (Proceeding No. 2.) ALGONQUIN GAS TRANSMISSION COMPANY, Appellant, v. EMERY HILL REALTY CORP., Respondent. (Proceeding No. 3.) ALGONQUIN GAS TRANSMISSION COMPANY, Appellant, v. WILLIAM BROWN, Respondent. (Proceeding No. 4.) ALGONQUIN GAS TRANSMISSION COMPANY, Appellant, v. FRED WAGENPFEIL, JR., Individually and as Administrator of the Estate of ANNA WAGENPFEIL, Deceased, et al., Respondents. (Proceeding No. 5.) ALGONQUIN GAS TRANSMISSION COMPANY, Appellant, v. VICTOR A. THOMAS, Respondent, et al., Defendants. (Proceeding No. 6.) ALGONQUIN GAS TRANSMISSION COMPANY, Appellant, v. DOROTHY RICK, Respondent. (Proceeding No. 7.) ALGONQUIN GAS TRANSMISSION COMPANY, Appellant, v. CHESTER RICK, Respondent. (Proceeding No. 8.) ALGONQUIN GAS TRANSMISSION COMPANY, Appellant, v. SIDNEY NATHAN et al., Respondents. (Proceeding No. 9.) ALGONQUIN GAS TRANSMISSION COMPANY, Appellant, v. BUCHANAN TRAILS, INC., Respondent, et al., Defendants. (Proceeding No. 10.) ALGONQUIN GAS TRANSMISSION COMPANY, Appellant, v. TRAIL EXTENSION, INCORPORATED, Respondent. (Proceeding No. 11.) — In each of eleven condemnation proceedings, order granting motion for summary judgment and dismissing petition reversed on the law and the facts, with $10 costs and disbursements, and motion denied, with $10 costs. Order granting reargument and on reargument adhering to original determination vacated, without costs. Under the anomalous conditions herein in view of the public interests involved, the condemnation proceedings are maintainable by plaintiff even though, presently, it has no certificate of convenience and necessity. They were properly instituted, pursuant to section 4 of the Condemnation Law, at a time when plaintiff was possessed of such a certificate. They are primarily in rem and in furtherance of a public use. The pipeline has not been abandoned; on the contrary it appears that, inclusive of its course over the lands of defendants, it may be utilized irrespective of the identity of the ultimate certificate holder. It also appears that, by deposit of sufficient security, the property owners will be adequately reimbursed for all damages sustained up to the time title is vested, even if it becomes necessary to stay the trial and making of an award until the determination of the ultimate certificate holder. In the light of the fore-

going circumstances, the proceedings are maintainable by the plaintiff on its own behalf as prospective certificate holder and as agent on behalf of any other ultimate certificate holder. (*Kip* v. *New York & H. R. R. Co.*, 67 N. Y. 227, 229, 230; *Matter of New York, L. & W. Ry. Co.*, 99 N. Y. 12, 21, 22.) Moreover the propriety of granting summary judgment under rule 113 of the Rules of Civil Practice in this proceeding is open to question. The rule authorizes such a motion in an "action" and contemplates the "ordinary" or conventional action or proceeding. This is a proceeding in rem in which the public interest is integrated; not an action or proceeding between conventional parties. The advisability of segregating the determination of the right to condemn from the factor of the nature and quantum of damages or other relief due to the property owner rests in discretion which should be exercised upon the facts as of the day of the hearing or trial. A disputed question of fact exists as to when the Federal body will rule on the issue of a new certificate to Algonquin, its rival or others. Only the precise time thereof is in dispute. Damages or other relief should not be ruled upon until that issue is determined. The court should have before it the facts in these respects before determining the nature and extent of the relief to be given to the property owner. A continuance therefore of the proceeding for a reasonable time pending the ascertainment of these facts should ensue and such new facts, if necessary, should be incorporated in a supplemental pleading. The existence of these disputed facts precludes in the interest of justice the granting of a motion for summary judgment. (*Curry* v. *MacKenzie*, 239 N. Y. 267.) Nolan, P. J., Carswell, Adel, Wenzel and Beldock, JJ., concur. [See *post*, pp. 983, 1030.]