JAMES E. TATTEN & others *vs.* DEPARTMENT OF PUBLIC UTILITIES.

Suffolk.   November 5, 1954. — April 4, 1955.

Present: QUA., C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Natural Gas Pipe Line Company. Public Utilities. Eminent Domain,*
    Validity of taking, Authority for taking, Taking by public utility.
    *Equity Jurisdiction,* Public utilities.

Where, after the department of public utilities under G. L. (Ter. Ed.)
    c. 164, § 75C, inserted by St. 1950, c. 462, had issued an order author-
    izing taking of easements in certain lands by a natural gas pipe line
    company qualified under § 75B through holding a certificate of public
    convenience and necessity from the Federal power commission, and
    the company had taken its easements and constructed its pipe line in
    such lands, a Federal court set aside the company's certificate, but
    subsequent proceedings before the Federal power commission ordered
    by the Federal court resulted in a decision fully restoring the certifi-
    cate to the company and it never abandoned its easements, there was
    no occasion for annulling, modifying or revoking the order of the de-
    partment of public utilities or for retakings by the company; and a
    suit in equity under G. L. (Ter. Ed.) c. 25, § 5, to review such order
    and a second order refusing to revoke the first, commenced after the
    setting aside of the company's certificate and stayed pending the
    decision of the Federal power commission, should be dismissed upon
    the rendering of such decision.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on January 28, 1953.

Algonquin Gas Transmission Company was allowed to intervene.

Following the decision of this court on July 2, 1953, reported in 330 Mass. 360, and a decision by the Federal power commission on August 6, 1953, a final decree dismissing the bill was entered by order of *Counihan*, J., on March 9, 1954. The plaintiffs appealed.

*J. Fuller Morgan*, for the plaintiffs.

*Henry M. Leen*, (*Thomas E. Goode* with him,) for the intervener.

*Matthew S. Heaphy*, Assistant Attorney General, for the defendant, submitted a brief.

Qua, C.J. This is a bill in equity brought under G. L. (Ter. Ed.) c. 25, § 5, before that section was redrafted by St. 1953, c. 575, § 1. By reason of § 2 of the act of 1953, that act has no application to this case. The bill is brought by three owners of lands in Medway to review an order of the department made on October 22, 1951, under G. L. (Ter. Ed.) c. 164, § 75C, inserted by St. 1950, c. 462, which authorized Algonquin Gas Transmission Company as a natural gas pipe line company to take by eminent domain easements for its pipe line over a series of parcels, including those of the plaintiffs. The bill also seeks review of a second order of January 7, 1953, refusing to revoke the first order.

The case was before the full court on a previous occasion, and the facts were fully stated in the opinion then rendered. *Tatten* v. *Department of Public Utilities*, 330 Mass. 360. They need not be stated again or added to further than as follows: When the department issued its order of October 22, 1951, Algonquin had qualified as a natural gas pipe line company under G. L. (Ter. Ed.) c. 164, § 75B, inserted by St. 1950, c. 462, by reason of holding "a certificate of public convenience and necessity issued . . . [by the Federal power commission] authorizing it to construct a natural gas transmission line and appurtenant facilities within the commonwealth." The order authorizing the taking of lands was issued under § 75C, also inserted by the act of 1950. At the time of the order of October 22, 1951, a petition for

review of the order of the Federal power commission had been filed in the United States Court of Appeals for the third circuit by a rival transmission line, but the court had not yet acted upon it. The Federal act (U. S. C. [1946 ed.] Title 15, § 717r [c]) provided that the commencement of proceedings for review should not operate as an automatic stay of the Federal power commission's order issuing the certificate. Algonquin promptly took easements over the plaintiffs' lands and completed its pipe line through them by December 5, 1951. On April 4, 1952, the Court of Appeals rendered its decision setting aside the order of the Federal power commission granting a certificate to Algonquin on the ground that the rival pipe line company, as an intervener, had not been heard and remanding the matter to the commission for further proceedings. *Northeastern Gas Transmission Co.* v. *Federal Power Commission,* 195 Fed. (2d) 872. When the mandate of the Court of Appeals reached the Federal power commission it reopened the proceedings before it. When the case was here on the previous occasion this court ordered proceedings to be stayed to await the final decision of the Federal power commission.

It now appears that by order issued August 6, 1953, the Federal power commission again granted to Algonquin a certificate of public convenience and necessity authorizing it to operate as a natural gas pipe line company on precisely the same locations which it previously had acquired over lands of the plaintiffs and upon which it had previously constructed its pipe line. In view of this change in circumstances the single justice entered a final decree dismissing the bill. The plaintiffs appeal.

Under G. L. (Ter. Ed.) c. 25, § 5, this court is interested only "to the extent of the unlawfulness" of any ruling or order of the department. When the department made its order of October 22, 1951, Algonquin was a natural gas pipe line company under c. 164, § 75B, because it held a Federal certificate of public convenience and necessity which under Federal law had not been stayed by the commencement of

proceedings in the Court of Appeals. This situation continued while the takings were made of the plaintiffs' lands and the line was actually constructed upon them. It appears to us therefore that Algonquin lawfully acquired title to its easements and the plaintiffs acquired their rights to damages for the takings. It does not seem to us that the order of the department authorizing the takings became unlawful retroactively when after the takings and the construction of the line Algonquin's Federal certificate was set aside by the court. It may be that for a time under Federal law Algonquin could not operate as a natural gas pipe line company, but it never abandoned its easements. It proceeded at once with a rehearing of its case before the Federal power commission. That rehearing has now resulted in the full restoration of its certificate. So far as we can see it never lost its title to its easements. What the situation would have been if the certificate had been given to some company other than Algonquin, and whether in that event we should have had some duty to perform under the State law are questions with which we are not now concerned.

In our view, in the circumstances of this case, we are not called upon to "modify, amend or annul" the order of the department; nor was the department obligated to revoke its own order, if indeed it had power to do so. As indicated above, there seems to us to be no occasion for the useless formality of retakings by Algonquin. We are of opinion that nothing of substance is left in this cause, and that the decree of the single justice dismissing it was right.

*Decree affirmed.*