ALGONQUIN GAS TRANSMISSION COMPANY *v.* THE NORTH HAVEN FAIR ASSOCIATION, INC.

SUPERIOR COURT      NEW HAVEN COUNTY      FILE NO. 76985

Memorandum filed March 13, 1956.

*James W. Carpenter* and *Day, Berry & Howard,* both of Hartford, for the plaintiff.

*Curtiss K. Thompson,* of New Haven, for the defendant.

TROLAND, J. The petitioner was granted a certificate of public convenience and necessity by the federal power commission, February 26, 1951, authorizing it to construct a natural gas transmission line within this state. While holding such certificate, petitioner was authorized to take by eminent domain such lands, rights of way, easements or other interests in land in this state necessary for the construction, operation, maintenance, and alteration of such pipe line. General Statutes, §§ 1960c, 1961c.

The order of the federal power commission granting such certificate, known as order No. 206, issued in proceedings entitled "In the matter of Algonquin Gas Transmission Company, Docket G-1319," was brought before the United States Court of Appeals for the Third Circuit on a petition for review in proceedings before that court entitled "Northeastern Gas Transmission Company et al. v. Federal Power Commission," to which proceedings Algonquin Gas Transmission Company was a party.

The federal act provided that the commencement of proceedings for review should not operate as an automatic stay of the federal power commission's order issuing the certificate. 52 Stat. 831, 15 U.S.C. § 717r(c). However, on April 4, 1952, the Court of Appeals rendered its decision setting aside the order of the federal power commission granting a certificate to Algonquin on the ground that the rival pipeline company, as an intervener, had not been heard and that the certificate had been erroneously granted and should be set aside and for nothing holden. *Northeastern Gas Transmission Co.* v. *Federal Power Commission,* 195 F.2d 872.

Thereafter on May 19, 1952, Algonquin filed its petition for a writ of certiorari with the Supreme Court of the United States with respect to above case, and such action stayed the issuance of its mandate by the Court of Appeals until final disposition of the proceedings by the Supreme Court.

On May 19, 1952, Algonquin brought the pending matter by petition to this court, returnable the first tuesday of June, 1952. On June 12, 1952, Algonquin filed an application for immediate entry on the lands of the defendant. The infirmities of petitioner's certificate were urged upon the Superior Court by defendant, but the Supreme Court of the United States had not yet acted, the petitioner still had the certificate, and the Superior Court (*Mellitz, J.*) granted plaintiff's petition for immediate entry. This order permitted temporary use pending condemnation. General Statutes, § 1964c.

Thereafter, on October 13, 1952, the Supreme Court of the United States denied plaintiff's application for a writ of certiorari, and on October 23, 1952, the Court of Appeals for the Third Circuit issued its mandate whereby said order No. 206, referred to above, in so far as it constituted a certifi-

cate of public convenience and necessity to the petitioner was set aside. The petitioner was without a certificate of public convenience and necessity from said date, October 23, 1952, until in another proceeding the federal power commission issued to it a certificate of public convenience and necessity on August 6, 1953.

In the above interval, on February 5, 1953, this court (*Quinlan, J.*) denied the application of the defendant to terminate petitioner's temporary possession of its land, stating "the public interest is involved and in this state of the evidence the application is denied without prejudice."

The defendant in its answer, which is the subject of this demurrer, challenges the right of the petitioner to proceed further with the pending petition, and asks that the temporary use heretofore granted be terminated and that it be awarded such damages as it may have sustained by such temporary entry and use. The plaintiff urges that the matter is now res adjudicata, due to the order of the Superior Court (*Mellitz, J.*) authorizing, in the public interest, the immediate entry on the land for temporary use, and the order of the Superior Court (*Quinlan, J.*) refusing (in the public interest) to terminate said temporary use "without prejudice."

This court is of opinion that the above matters do not prevent the defendant from pressing its challenge to the validity of a final judgment in favor of the petitioner in this action. The original certificate of public convenience and necessity which empowered plaintiff to proceed herein pending this proceeding has been held by the highest authority to have been erroneously issued and to be for nothing holden. There is a high principle involved and the public interest in using natural gas does not suffice to override the law that the authority to take land by

eminent domain will be strictly construed in favor of the landowner. *State* v. *McCook,* 109 Conn. 621, 630.

There is a practical aspect of this case. The defendant of course now concedes that the plaintiff holds a new certificate of public convenience and necessity which is valid and would enable petitioner to take defendant's lands in a new condemnation proceeding based on that certificate. Thus the loss of its original certificate is not a fatal obstacle to plaintiff's acquiring the easement it seeks. Ultimately, the plaintiff will get its easement and the defendant will get just compensation for its lands. It seems hardly possible that pending further procedures required a court would order the digging up of the pipes now in the ground. But defendant claims the right to try its case for damages for the use and occupation of the land by Algonquin under its invalid certificate prior to any vesting of title in Algonquin which may hereafter happen.

In a case relied on by plaintiff almost like the present one, but where Algonquin had already acquired its easements, the Supreme Judicial Court of Massachusetts held: "It may be that for a time under Federal law Algonquin could not operate as a natural gas pipe line company, but it never abandoned its easements. It proceeded at once with a rehearing of its case before the Federal power commission. That rehearing has now resulted in the full restoration of its certificate. So far as we can see it never lost its title to its easements. What the situation would have been if the certificate had been given to some company other than Algonquin, and whether in that event we should have had some duty to perform under the State Law are questions with which we are not now concerned." *Tatten* v. *Department of Public Utilities,* 125 N.E.2d 394, 396 (Mass.). The

Massachusetts court continued: "[T]here seems to us to be no occasion for the useless formality of retakings by Algonquin. We are of opinion that nothing of substance is left in this cause . . . ."

In this case, however, under the Connecticut statute, the plaintiff now has only temporary use, and it is clearly contemplated by the statute that such temporary use may in a given case be terminated and the property be restored to its owner, together with an award of damages caused by the temporary use. In such a situation the trial court should be reluctant to assume, as the Massachusetts Supreme Court from its lofty pinnacle did, "that nothing of substance is left in this cause."

In a New York case involving Algonquin, also in many respects like ours, and relied on by the plaintiff, the Appellate Division held: "Under the anomalous conditions herein in view of the public interests involved, the condemnation proceedings are maintainable by plaintiff even though, presently it has no certificate of convenience and necessity. . . . In the light of the foregoing circumstances, the proceedings are maintainable by the plaintiff on its own behalf as prospective certificate holder and as agent on behalf of any other ultimate certificate holder." *Algonquin Gas Transmission Co.* v. *E. W. Realty Corporation,* 281 App. Div. 898, 120 N.Y.S.2d 119.

This is strange doctrine. I do not believe our Connecticut Supreme Court will subscribe to it, even "in the public interest."

It is the court's opinion that the facts pleaded in the defendant's answer constitute a sufficient defense to the plaintiff's petition.

The demurrer is overruled.