IROQUOIS GAS CORPORATION, Respondent, *v.* ALBINA JUREK, Appellant. (Action No. 1.)

IROQUOIS GAS CORPORATION, Respondent, *v.* ALBINA JUREK, Appellant. (Action No. 2.)

IROQUOIS GAS CORPORATION, Respondent, *v.* ARTHUR T. McRAE, Defendant, and GERTRUDE A. McRAE, Appellant.

IROQUOIS GAS CORPORATION, Respondent, *v.* LIONEL T. DE SA et al., Appellants, et al., Defendant.

Fourth Department, May 9, 1968.

*Raichle, Moore, Banning & Weiss* (*Ralph L. Halpern* and *Arnold Weiss* of counsel), for appellants.

*Phillips, Lytle, Hitchcock, Blaine & Huber* (*Alexander C. Cordes* of counsel), for respondent.

GOLDMAN, J. Plaintiff purported to commence condemnation proceedings against this defendant, and other property owners in companion proceedings, by service of notices of presentation and petitions on or about August 26, 1967. Although the notices stated that the petitions would be presented to Special Term on September 6 and 13, no presentation was made and no proceedings had on those dates. Defendants served their answers on September 20. A hearing was held on September 26 and the Special Term Justice directed submission of briefs. Instead of proceeding as directed, plaintiff abandoned the original petitions and on October 9 served defendants' attorneys with amended notices and petitions which were returnable on October 30. These documents were rejected by defendants' attorneys and promptly returned to plaintiff's attorneys with a covering letter asserting that there was " no provision of law authorizing the service of these papers upon us ". Plaintiff then moved to compel defendants, by their attorneys, to accept the amended petitions and notices. It is from the resettled orders granting plaintiff's motion that defendants appeal.

Defendants urge as grounds for their appeals that the amended petitions were so substantially different from the original petitions that this was not a continuation of the proceedings but, in fact, an abandonment of the original and the institution of new proceedings, and secondly, that the method of service of the papers was defective, for the process server was an employee of plaintiff and, therefore, a party to the proceedings. Before discussing these objections, we find a fundamental and threshhold jurisdictional defect which, in our judgment, invalidates the proceedings and makes their dismissal mandatory. Service of the amended petitions upon the attorneys was valid only if there then existed " a pending" proceeding. (Condemnation Law, § 8; CPLR 2103, subd. [b].)

At the outset, it should be noted that condemnation and appropriation statutes are not as specific and definite as they should be. In 1964 a Senate Committee noted that " there are over 50 public authorities in this state having the power to condemn " and expressed its concern by stating that " The existing laws affecting condemnation and appropriation of property vary to some degree under almost every statute as to the procedure for taking ". (Joint Legis. Comm. on Court Delay, Report [N. Y. Legis. Doc., 1964, No. 44], p. 55.) This complaint was repeated by a later committee which was studying uniform procedure: " There is a lack of uniformity in law and procedure as evidenced by the numerous laws, under which condemnation and appropriation proceedings may be instituted ". (1967 Report of Joint Legis. Committee on Condemnation and Appropriation of Property [N. Y. Legis. Doc., 1967, No. 28], p. 4.)

Section 4 of the Condemnation Law provides that " The proceeding shall be instituted by the presentation of a petition * * * to a special term of the supreme court, held in the judicial district in which the property is located ". There then follow eight subdivisions setting forth the facts which the petition should contain. The principal issue at bar is whether there was a " presentation " of the petitions to the court. Unfortunately the word " presentation " has been given several meanings. We must define it in the light of the acknowledged principle that procedural statutes in a special proceeding must be strictly construed (*People* v. *Fisher*, 189 App. Div. 148, affd. 233 N. Y. 663; *Matter of Rochester Elec. Ry. Co.*, 123 N. Y. 351).

The original petitions were abandoned when the amended petitions were served upon defendants' attorneys. The resettled orders requiring defendants' attorneys to accept service were made on November 25, 1967 and entered in the County Clerk's office on December 15, 1967. None of the papers, including the original and amended petitions were filed in the office of the County Clerk until January 17, 1968. If, as we have determined " presentation " in section 4 must be construed as " filing " there was in fact no " pending " proceeding before Special Term at the time it made its orders or at the time they were entered in the County Clerk's office.

We can find only one reported case in this State which refers to the necessity of filing under section 4 although there are many cases regarding filing requirements under various appropriation statutes. Although the objections made in *City of Plattsburgh* v. *Kellogg* (254 App. Div. 455, 457) did not involve the issue of " presentation " the court clearly stated that filing is a jurisdictional requirement when it wrote: " A petition in

proper form, *filed as required by the statute, is a jurisdictional prerequisite to the authority of the court to entertain a proceeding thereunder."* (Emphasis added.) When we turn to the practice in other States we find an almost general requirement of filing in order to institute an eminent domain proceeding. The Pennsylvania Eminent Domain statute, enacted in 1964, was studied and suggested as a possible and desirable model by a New York Joint Legislative Committee (N. Y. Legis. Doc., 1964, No. 44, p. 55). It (Pa. Stat., tit. 26, § 1-401 *et seq.*) provides in part (§ 1-402, subd. [a]) : " Condemnation, under the power of condemnation given by law to a condemnor, which shall not be enlarged or diminished thereby, shall be effected only by the filing in the court of a declaration of taking ". Eliminating cases where the State or a governmental agency is the condemnor the following citations are representative of the many jurisdictions which hold that " The filing of a proper petition containing the essential averments required by statute is jurisdictional in eminent domain proceedings, and a court is powerless * * * until such petition has been filed." (*Central Ill. Public Serv. Comm. v. Rider*, 12 Ill. 2d 326, 332 [see Ill. Stat. Ann. ch. 47, § 2]; *Olcott v. Salt Bayou Drainage Dist.*, 145 Ark. 101, 106 (the word " present " as used in this statute has the same meaning as the word " file ")*; Dresser v. Superior Ct. of Contra Costa County*, 231 Cal. App. 2d 68; *Georgia Power Co. v. Lightfoot*, 97 Ga. App. 330 [see Ga. Code Ann., ch. 36–13]; *Fayette County Agricultural Soc. v. Scott*, 96 Ohio App. 6; *Wyco Pipe Co. v. Hasselstrom*, 81 So. Dak. 506; *Manns v. Marinette & Menominee Paper Co.*, 205 Wis. 349.)

It is also noteworthy that recognized text writers on the subject are in accord with this requirement of filing before there can be a pending proceeding.

" Generally speaking, except so far as a taking by the State of New York is concerned, the procedure contemplates the commencement of the proceeding by the filing of a petition." (1 Warren's Weed, New York Real Property, Condemnation, § 7.02.)

" Where the judicial method of condemnation is employed, the condemnor files a petition in the appropriate court, praying for the condemnation of the property described therein." (1 Orgel, Valuation Under Eminent Domain [2d ed.], Introduction § 8, p. 53.)

" The petition or complaint should be signed, verified when so required by statute, and properly filed." (6 Nichols, Eminent Domain [3d ed.], Condemnation by Judicial Proceedings, § 26.11.)

Bearing in mind that we are dealing with real property, around which the law has always placed formal safeguards, we must turn now to ascertain if the plaintiff's petitions contain sufficient facts to meet the jurisdictional requirements. The original provisions in the Code of Civil Procedure, and every successor statute, authorize condemnation "only when the person instituting it has authority under some independent statute to acquire the title to real property for public use." (1 Fiero, Special Proceedings [3d ed.], p. 495.) (See, also, *Matter of Thomson*, 86 Hun 405, affd. 147 N. Y. 701; *Rochester Ry. Co.* v. *Robinson*, 133 N. Y. 242; *County of Orange* v. *Ellsworth*, 98 App. Div. 275, 281.) Plaintiff attempted to do this in its original petitions by paraphrasing subdivision 1 of section 86 of the Conservation Law. The petitions, in paragraph 4, allege that plaintiff is a public utility engaged in "producing, transporting, distributing, and storing gas" which indicates its intention to assert its right to condemn as a "gas" corporation. Yet the petitions, in paragraph 6, state that it "seeks and desires a permanent, exclusive right-of-way and easement, for the laying, maintaining, operating, altering, changing the size, relocating and removing, at any time and from time to time, one or more pipelines * * * with the right to enter upon the full extent of said property" for the purpose of maintenance, replacement, clearing of trees, excavation, to prevent erection of buildings or removal of existing buildings and various other rights amounting to absolute domination. The effect of these allegations is to assert plaintiff's right to condemn as a pipe line corporation. The authority for the original petitions must, therefore, be found in article 2 of the Transportation Corporations Law (§§ 10–17) or article 7 (§§ 80–93) which are entitled "Gas and Electric Corporations" and "Pipe Line Corporations" respectively. While it is true that plaintiff fits the description of a gas corporation, as defined by section 10 of the Transportation Corporations Law, it also qualifies as a pipe line corporation under section 80 of the Transportation Corporations Law. The purposes for which it seeks condemnation, the laying of pipe lines, cast grave doubt upon its right to condemn solely under the authority of subdivision 3-a of section 11 of the Transportation Corporations Law. (Cf. *Iroquois Gas Corp.* v. *Gernatt*, 50 Misc 2d 1028, affd. 28 A D 2d 811; Conservation Law, § 85.)

The plaintiff's power to condemn as a pipe line corporation is much more severely circumscribed than if it were proceeding as a gas corporation and its petitions fall far short of being sufficient. Under section 82 of the Transportation Corporations

Law, a pipe line corporation would be required to mark with stakes the route it desires to follow, to file the map in the County Clerk's office, to give notice to every ascertainable property owner affected, who would then have the right to litigate the need and suitability of the selected route. All of these requirements, including a minimum of 15 days' notice would have to be met before a condemnation proceeding could be instituted. The need for " a detailed evaluation of [the] plan " was recognized by the Court of Appeals as recently as April 18, 1968 in its decision in *Matter of Northville Dock Pipe Line Corp.* v. *Fanning* (21 N Y 2d 616).

Although it would appear that plaintiff, under the circumstances of this case, more properly meets the definition of a pipe line corporation it may well be that it is acting in both capacities. Section 5 of the Transportation Corporations Law implies that a multi-purpose company may be formed. (See, also, 45 N. Y. Jur., Pipelines, § 5, p. 459; Transportation Corporations Law, § 6, subd. [a].) As a pipe line corporation the requirement of filing before commencing condemnation would require dismissal of the petitions.

" This is a proceeding in rem in which the public interest is integrated; not an action or proceeding between conventional parties." (*Algonquin Gas Transmission Co.* v. *E. W. Realty Corp.*, 281 App. Div. 898, 899.) The statutes outlining the procedures to be followed should be strictly construed against the condemnor (*Ontario Knitting Co.* v. *State of New York*, 205 N. Y. 409, 416; *Matter of County of Erie* v. *Lancaster Development Co.*, 232 App. Div. 331, 334). Because of the unusual nature of special proceedings, and particularly condemnation, jurisdiction must be shown by the party invoking it (1 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 401.01–401.03).

Appellants urge, with considerable merit, that respondent abandoned its original proceedings by serving amended petitions which were substantially different from the originals and which changed, in large measure, the character of the proceedings and the relief requested. It is significant that the resettled orders make no reference whatsoever to the original petitions. The amended petitions allege that plaintiff is a natural gas company within the meaning of the Federal Natural Gas Act (U. S. Code, tit. 15, § 717 *et seq.*) and is engaged in producing, purchasing, transporting, distributing and storing gas as a public utility in interstate commerce whereas the original petitions alleged that plaintiff is a public utility operated in compliance with the rules and regulations of the State of New York, is in intrastate commerce under the jurisdiction of the Public Service Commis-

sion and engaged in transporting and storing gas within New York State. The amended petitions omit the allegation in the originals that it is retailing gas in intrastate commerce and changed the method of operation to wholesaling gas in interstate commerce. Furthermore, the original petitions sought an exclusive easement to lay one or more pipe lines while the amended petitions request a nonexclusive, permanent easement to lay one 24-inch pipe line pursuant to the certificate from the Federal Power Commission. The original petitions sought an order for immediate possession which is abandoned and omitted from the amended petitions. The many changes in substance in the two petitions demonstrate that the amended petitions constituted new proceedings and not continuation of the original proceedings. This shift in the character of the proceedings required that plaintiff abandon its original one and commence a new proceeding by service upon the land owners and filing of petitions containing the necessary allegations to confer jurisdiction and entitle it to institute condemnation proceedings. Only by proceeding in this manner can confusion, uncertainty and error be avoided.

The order requiring acceptance of the amended petitions in all the proceedings should be reversed and the petitions should be dismissed.

BASTOW, P. J., DEL VECCHIO, MARSH and HENRY, JJ., concur.

Orders unanimously reversed, with costs, and petitions dismissed.